Matthew T. Taplett
State Bar No. 24028026
Aimee E. Marcotte
State Bar No. 24097101
Pope, Hardwicke, Christie, Schell,
Kelly & Taplett, L.L.P.
500 W. 7th Street, Suite 600
Fort Worth, Texas 76102
Telephone No.: (817) 332-3245
Facsimile No.: (817) 877-4781
E-mail: mtaplett@popehardwicke.com
amarcotte@popehardwicke.com
Attorneys for SUSSER BANK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-42671 |
| DAKSHAYANI SUNDARARAMAN, | § | |
| | § | |
| DEBTOR. | § | CHAPTER 13 |

# MOTION FOR RELIEF FROM CO-DEBTOR STAY

## NOTICE

**14-DAY NEGATIVE NOTICE-LBR 4001(A):**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

TO THE HONORABLE CHIEF U.S. BANKRUPTCY JUDGE BRENDA T. RHOADES

COMES NOW Susser Bank f/k/a Affiliated Bank ("Movant"), a secured creditor and party-in-interest herein, and files this Motion for Relief from Co-Debtor Stay, and in support thereof respectfully shows the Court as follows:

## I.

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, which characterize this matter as a "core proceeding" in a case arising under Title 11.

## II.

## BACKGROUND FACTS

2. Movant is the legal owner and holder of a Fixed/Adjustable Rate Note dated July 8, 2016, executed by Venkateswararao Govindarajulujayaraman, Co-Debtor herein ("Co-Debtor"), and payable to Movant, in the original principal amount of $629,404.00 (the "Note"). A true and correct copy of the Note is attached as Exhibit "1" to the Affidavit of Dylan Alford (the "Alford Affidavit"), which is attached hereto as Exhibit "A," and is incorporated herein by reference as if fully set forth at length. Pursuant to the terms of the Note, Co-Debtor agreed to provide monthly installment payments of principal and accrued interest in the initial amount of $3,096.29 each beginning September 1, 2016, with all remaining principal and accrued interest due on the date of maturity, August 1, 2046. The current installment payment for principal and interest only is $4,449.29 A true and correct copy of The State of Texas – Texas Department of Banking Certificate of Conversion reflecting the conversion of Affiliated Bank, N.A. into Susser Bank is attached to the Affidavit of Dylan Alford as Exhibit "2."

3. As security for the payment of the Note, Co-Debtor and Dakshayani Sundararaman, herein ("Debtor"), executed a Deed of Trust dated July 8, 2016 in favor of Michael H. Patterson, as Trustee for Movant, recorded as Document No. 20160708000872710, Real Property Records, Collin County, Texas (the "Deed of Trust"). A true and correct copy of the Deed of Trust is attached to the Alford Affidavit as Exhibit "3" and is incorporated herein by reference as if fully set forth at length. Pursuant to the terms of the Deed of Trust, Debtor and Co-Debtor pledged a security interest in favor of Movant on certain real property located in Collin County, Texas, more particularly described as follows:

> Lot 9, in Block 51, of Richwoods Phase Twenty-One, an addition to the City of Frisco, Collin County, Texas, according to the Map or Plat thereof recorded in/under Volume 2015, Page 418, Map/Plat Records, Collin County, Texas; which currently has the address of 13395 Allenwood Avenue, Frisco, Texas 75035 (the "Property").

The payment terms of the Note were subsequently modified and extended pursuant to the terms of Loan Extension Agreements executed by Co-Debtor dated August 4, 2017, and June 18, 2019, true and correct copies of which are attached to the Alford Affidavit collectively as Exhibit "4."

4. Debtor and Co-Debtor have filed successive bankruptcies, which have repeatedly delayed or hindered Movant's efforts to foreclose. To date, this present case is Debtor and/or Co-Debtor's fourth bankruptcy filing since February 1, 2020. The previous bankruptcy filings are described below:

a. Co-Debtor filed a previous Chapter 13 bankruptcy case on February 1, 2020, bearing Case No. 20-40299 (hereafter, the "First Bankruptcy Case"). Co-Debtor filed the First Bankruptcy Case on the eve of a foreclosure that was scheduled for February 4, 2020. In the First Bankruptcy Case, Movant filed a Motion for Relief from the Automatic Stay because Co-Debtor failed to make his full post-petition payments. In the First Bankruptcy Case, Co-Debtor failed to make his payments in a timely manner to the Chapter 13 Trustee, and the First Bankruptcy Case was dismissed on June 15, 2023.

b. Co-Debtor also filed a previous bankruptcy case on July 30, 2023, bearing Case No. 23-41358 (hereinafter, the "Second Bankruptcy Case"). Co-Debtor filed the Second Bankruptcy Case on the eve of a foreclosure that was scheduled for August 1, 2023. In the Second Bankruptcy Case, Movant filed a Notice of Termination of the Automatic Stay because Co-Debtor failed to comply with the terms of an Agreed Order on Motion to Extend Automatic Stay. In the Second Bankruptcy Case, Co-Debtor failed to make his payments in a timely manner to the Chapter 13 Trustee, and the Second Bankruptcy Case was dismissed on October 18, 2023.

c. Co-Debtor also filed a previous bankruptcy case on November 22, 2023, bearing Case No. 23-42230 (hereinafter, the "Third Bankruptcy Case"). Co-Debtor filed the Third Bankruptcy case to prevent a foreclosure that was scheduled to take place on December 5, 2023. In the Third Bankruptcy Case, Movant filed a Notice of Termination of the Automatic Stay because Co-Debtor failed to comply with the terms of an Agreed Order on Motion for Imposition of Automatic Stay. The Court ordered that the Agreed Order on the Motion for Imposition of Automatic Stay shall be "binding and effective on an *in rem basis* to automatically terminate the automatic stay under 11 U.S.C. §362(a) in any other or subsequent bankruptcy case(s) filed by [Venkateswararao Govindarajulujayaraman] or purporting to affect the Property without further Order of the Court." Additionally, in the Third Bankruptcy Case, Movant also filed a Motion to Lift the Co-Debtor Stay. In the Third Bankruptcy Case, Co-Debtor failed to make his payments in a timely manner to the Chapter 13 Trustee, and the Third Bankruptcy Case was dismissed on November 6, 2024.

d. The Debtor filed the instant case on November 4, 2024. The filing of this case caused the cancellation of a foreclosure sale scheduled for November 5, 2024.

5. As of November 4, 2024, the unpaid principal and interest balance due is $548,098.15. Co-Debtor has failed to make his payments due on 10/1/2023 – 11/1/2024, totaling the current past due sum of $83,897.90.

6. Subject to several exceptions not applicable here, 11 U.S.C. § 1301(a) provides, in pertinent part, that after a bankruptcy petition is filed "a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any

individual that is liable on such debt with the debtor, or that secured such debt," unless the creditor obtains relief from such co-debtor stay. 11 U.S.C §1301(a). In order to fully and adequately enforce its secured lien in the Property as a result of Co-Debtor's default, Movant seeks relief from the co-debtor stay of 11 U.S.C. § 1301(a) as to Co-Debtor and the Property so that Movant may effectively and legally enforce its secured interest in the Property.

7. Movant would show that "cause" exists for relief from the co-debtor automatic stay pursuant to 11 U.S.C. § 1301(c) with regard to the Co-Debtor because Movant's interest is being irreparably harmed by the continuation of such stay, to wit: (i) Movant's secured interest in the Property is not being adequately protected, (ii) Debtor and Co-Debtor's repeated bankruptcy filings in close proximity to scheduled foreclose sales demonstrates an abuse of the bankruptcy process designed to frustrate Movant's efforts to pursue its remedies related to the Property (*See* 11 U.S.C. § 362(d)(4)(B)), (iii) the Court previously ordered that the Agreed Order on the Motion for Imposition of Automatic Stay in the Third Bankruptcy Case shall be "binding and effective on an in rem basis to automatically terminate the automatic stay under 11 U.S.C. §362(a) in any other or subsequent bankruptcy case(s) filed by [Venkateswararao Govindarajulujayaraman] or purporting to affect the Property without further Order of the Court.", and (iv) the totality of the circumstances justify co-debtor stay relief.

8. Movant requests that any order entered by the Court lifting the co-debtor automatic stay waive application of the 14-day stay period provided in Federal Rule of Bankruptcy Procedure 4001(a)(3) to the extent it is applicable.

WHEREFORE, PREMISES CONSIDERED, Movant prays that the Court enter an order lifting the stay with respect to the Co-Debtor, irrespective of Bankruptcy Rule 4001(a)(3), and for such other and further relief, at law or in equity, to which Movant may be justly entitled.

Date: December 2, 2024

Respectfully submitted,

POPE, HARDWICKE, CHRISTIE, SCHELL,
KELLY & TAPLETT, L.L.P.

By: */s/ Aimee E. Marcotte*
Matthew T. Taplett
State Bar No. 24028026
Aimee E. Marcotte
State Bar No. 24097101

500 W. 7th Street, Suite 600/Unit 9
Fort Worth, Texas 76102
Telephone No. (817) 332-3245
Facsimile No. (817) 877-4781
Email: mtaplett@popehardwicke.com
amarcotte@popehardwicke.com

ATTORNEYS FOR SUSSER BANK f/k/a
AFFILIATED BANK

**CERTIFICATE OF CONFERENCE**

I am unable to confer with Co-Debtor regarding the merits of this Motion and I am therefore unaware if Co-Debtor is opposed to the relief requested in this Motion. I have conferred with Debtor's counsel regarding the merits of this Motion and have been informed by said counsel that Debtor opposes this Motion.

*/s/ Aimee E. Marcotte*
Aimee E. Marcotte

# CERTIFICATE OF SERVICE

This is to certify that on this December 2, 2024, a true and correct copy of this document was served via the ECF system or by U.S. first class mail, postage prepaid, on the following:

U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702

Carey D. Ebert, Trustee
P.O. Box 941166
Plano, TX 75094-1166

Venkateswararao Govindarajulujayaraman
13395 Allenwood Avenue
Frisco, TX 75035

Juan Tomasino
Allmand Law Firm, PLLC
860 Airport Freeway, Suite 401
Hurst, TX 76054

Dakshayani Sundararaman
13395 Allenwood Avenue
Frisco, TX 75035

Lisa Large Evans
Linebarger Goggan Blair & Sampson, LLP
3500 Maple Avenue
Suite 800
Dallas, Texas 75219

Linda D. Reece
Perdue, Brandon, et al
1919 S. Shiloh Rd., Suite 640, LB 40
Garland, Texas 75042

All other parties requesting notice.

By: */s/ Aimee E. Marcotte*
Aimee E. Marcotte